

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable B. B. Brown, President
Texas Board of Pharmacy
Insurance Building
Dallas, Texas

Dear Sir:

Opinion No. O-5808
Re: The powers of the Texas Board
of Pharmacy regarding the re-
vocation of the registration
of pharmacists in Texas.

We are pleased to comply with your letter of July
23, 1944, which reads as follows:

"Will you please give me your opinion on the
following questions:

"Has the Texas Board of Pharmacy, under
Sections 4 and 12, of Art. 4542a, Revised
Civil Statutes of Texas, the power to sus-
pend registration of a pharmacist, after
he has been convicted of certain enumerat-
ed grades of criminal offense, despite the
fact that the section twelve in question
only grants the Board the right to revoke
such registration?

"Does the Board have the right to re-
instate a registrant after his license has
been revoked or suspended?

"Does the language of Section 12, to-wit,
'The registration of any pharmacist SHALL
BE REVOKED by the Board after the registrant
has been convicted of having violated any
of the provisions etc.' necessarily mean
that the Board must revoke such registration,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable B. B. Brown, Page 2

> or is such language, '<u>shall be revoked</u>',
> merely amount to a permissive or directory
> statement concerning the Boards power in
> such matters?"

Section 4 of Article 4542a, Vernon's Annotated Civil Statutes (Acts 1929, 41st Leg., p. 242, ch. 107), as pertinent, reads as follows:

> "The Board shall have the power to make
> by-laws and regulations, not inconsistent with
> the law, for the proper performance of its
> duties . . . ."

Section 7 of the same Act reads:

> "It shall be the duty of the State Board
> of Pharmacy to see that all laws which pertain
> to the practice of pharmacy are enforced. . . ."

Specifically pertaining to the revocation of registration of pharmacists, Section 12 of the statute provides as follows:

> "The registration of any pharmacist shall
> be revoked by the Board after the registrant has
> been convicted of having violated any of the
> provisions of this law, or shall have been con-
> victed of a felony, or shall have been convicted
> of drunkenness, or of any offense, in either
> State or Federal Court, involving the illegal
> use, sale or transportation of intoxicating
> liquor, or narcotic drugs. Revocation of re-
> gistration shall only be after ten (10) days'
> notice and a full hearing. Any person feeling
> himself aggrieved on account of the action of
> the Board may institute proceedings in the Dis-
> trict Court of Travis County, Texas, for the
> purpose of having the license reinstated."

The State Board of Pharmacy is a statutory agency of the State vested only with powers and authority specifically granted by the creating statutes. It may exercise only those powers which are expressly granted or which arise by necessary implication.

The plain mandate of Section 12 is that the Board shall revoke the registration of pharmacists under the specific circumstances described. The power and duty to revoke is essentially different from a power and duty to suspend. Whether the registration of a pharmacist shall be revoked or merely suspended, when he shall have been guilty of offenses described, is peculiarly a matter for the Legislature. It has decreed that the registration shall be revoked, not suspended. The Board must follow this legislative determination.

Moreover, there exists no authority, express or implied, for the Board to reinstate a pharmacist whose registration has been revoked. The Legislature has not decreed that this may be done. Here again the Board may exercise only the powers vested in it.

Finally, the Legislature has declared in Section 12 that the registration of a pharmacist, who has been guilty of the offenses mentioned, "shall be revoked by the Board". If the conditions prescribed in Section 12 exist, it is our opinion that the Board may not for reasons of its own fail or refuse to execute the revocation. The language employed by the Legislature is not permissive; nowhere in the Act do we find any intimation that the enforcement of Section 12 is a discretionary matter with the Board. To the contrary, it appears that the Legislature has clearly decreed that a pharmacist guilty of the offense described should have his registration revoked.

The principles we have applied are fundamental in our jurisprudence. In the early case of Bryan v. Sundberg, 5 Tex. 209, 212, it was declared:

"... Statutes which prescribe (425) and limit the exercise of official duty ought to receive a strict interpretation in respect to the powers conferred and the manner of their exercise, and those powers are not to be enlarged by construction. The officer must look to the act by which his office is created and its duties are defined to ascertain the extent of his powers and the line of his duties; and he is not at liberty

to transcend the former or vary the prescribed
mode of performance of the latter. . . . ."

See also 34 Tex. Jur., paragraph 57, page 440, and
cases cited.

Yours very truly

APPROVED AUG 1, 1941

ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT
ATTORNEY GENERAL

By Zollie C. Steakley
Assistant

XCS:GO



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN